JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mark G. McNeill and Melissa McNeill, Administrators of the Estate of Mark Richard McNeill, Deceased and Eileen M. Taylor and Thomas L. Taylor, Administrators of the Estate of Michael J. Taylor, Deceased

**DEFENDANTS**

Borough of Folcroft and Chief Robert Ruskowski and Officer Michael Fiocco

13 3592

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John E. Kusturiss, Jr. 323 East Front Street Media PA 19063 610-565-0240

Daniel A. Armstrong

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983, 28 U.S.C. 1331 &1343 (1)(3)(4), 28 U.S.C. 1367(a)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

JUN 2 4 2013

DATE  6/21/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**13    3592**

Address of Plaintiff: _____

Address of Defendant: _____ *See Attached* _____

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, *John E. Kusturiss, Jr.* *Daniel A. Armstrong*, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/21/13 _____ Attorney-at-Law    28271    55869    Attorney I.D.#

JUN 24 2013

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/21/13 _____ Attorney-at-Law    28271    55869    Attorney I.D.#

CIV. 609 (5/2012)

**HB**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Mark G. McNeill and Melissa McNeill,
Administrators of the Estate of Mark Richard
McNeill, Deceased and Eileen M. Taylor and
Thomas L. Taylor, Administrators of the Estate of
Michael J. Taylor, Deceased

**13   3592**

CIVIL ACTION

v.

Borough of Folcroft and Chief Robert Ruskowski and
Officer Michael Fiocco

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 6-21-13 | John E. Kusturiss, Jr.
Daniel A. Armstrong | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-565-0240 | 610-565-4225 | John@kusturisslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

JUN 2 4 2013

(Civ. 660) 10/02

HB

$400

(1)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK G. MCNEILL and MELISSA
MCNEILL, Administrators of the
ESTATE OF MARK RICHARD MCNEILL,
Deceased.
394 Westmont Drive
Collingdale, PA 19023,
     and
EILEEN M. TAYLOR and THOMAS L.
TAYLOR, Administrators of the ESTATE
OF MICHAEL J. TAYLOR, Deceased.
703 Ash Avenue
Collingdale, PA  19023,
               Plaintiffs
     v.
BOROUGH OF FOLCROFT
c/o Raymond Santarelli, Solicitor
555 Elmwood Avenue
Folcroft, PA 19032
     and
CHIEF ROBERT RUSKOWSKI
c/o Raymond Santarelli, Solicitor
555 Elmwood Avenue
Folcroft, PA 19032
     and
OFFICER MICHAEL FIOCCO
c/o Raymond Santarelli, Solicitor
555 Elmwood Avenue
Folcroft, PA 19032
              Defendants

: : : : : : : : : : : : : : : : : : : : : : : : : : : :

**13    3592**

CIVIL ACTION

**FILED**

JUN **2 4** 2013

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

NO. _____

JURY TRIAL
DEMANDED

## COMPLAINT
## JURISDICTION

    1.     This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is based

upon 28 U.S.C. § 1331 and 1343 (1), (3) and (4) and the aforementioned statutory

provision.  Plaintiffs further invoke the supplemented jurisdiction of this Court pursuant

to 28 U.S. C. 1367 (a) to hear and adjudicate state law claims.

5

2.      The amount in controversy exclusive of interests and costs exceeds the sum of one hundred and fifty thousand dollars ($150,000.00).

## VENUE

3.      All of the claims herein arose within this district and involve defendants within this district.  Venue is invoked pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4.      Plaintiffs Mark G. McNeill and Melissa McNeill, are the Co-Administrators of the Estate of Mark Richard McNeill, deceased.  Mark G. McNeill and Melissa McNeill live at 394 Westmont Drive, Collingdale, PA 19023.  Mark Richard McNeill died when he was struck by a motor vehicle driven by Maurquis Thompson, while Mr. Thompson was being pursued by defendant, Folcroft Borough Police Officer Michael Fiocco on December 9, 2011.  Mark G. McNeill and Melissa McNeill were appointed Co-Administrators of the Estate of Mark Richard McNeill by The Register of Wills of Delaware County on January 12, 2012, Estate Number 2312-0088.

5.      Plaintiffs Eileen M. Taylor and Thomas L. Taylor, are the Co-Administrators of the Estate of Michael J. Taylor, deceased.  Eileen M. Taylor and Thomas L. Taylor live at 703 Ash Avenue, Collingdale, PA 19023.  Michael J. Taylor died when he was struck by a motor vehicle driven by Maurquis Thompson, while Mr. Thompson was being pursued by defendant, Folcroft Borough Police Officer Michael Fiocco on December 9, 2011.  Eileen M. Taylor and Thomas L. Taylor were appointed Co-Administrators of the Estate of Michael J. Taylor by The Register of Wills of Delaware County on January 12, 2012, Estate Number 2312-0087.

6. Defendant, Borough of Folcroft, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Folcroft Borough Police Department which employs defendants Chief Robert Ruskowski and Officer Michael Fiocco.

7. Defendant Robert Ruskowski is the Chief of the Folcroft Borough Police Department and an Officer acting under color of State Law. Defendant Chief Robert Ruskowski is being sued in his individual capacity. Defendant Chief Robert Ruskowski, at all times relevant, was acting within the course and scope of his employment as a Folcroft Borough Police Officer.

8. Defendant Michael Fiocco is a police officer with the Folcroft Borough Police Department and an Officer acting under color of State Law. Defendant Michael Fiocco is being sued in his individual capacity. Defendant Michael Fiocco, at all times relevant, was acting within the course and scope of his employment as a Folcroft Borough Police Officer.

## FACTUAL ALLEGATIONS

9. At all times relevant all defendants were acting in consort and as agents of each other and their actions deprived Michael Taylor and Mark McNeill of rights guaranteed by the Federal Law, State Laws and the Constitution.

10. On December 9, 2011 Michael Taylor and Mark McNeill were at or near the intersection of Chester Pike and Glenolden Avenue in Glenolden Borough, Delaware County, Pennsylvania.

11.     At or about 9:35 pm Michael Taylor and Mark McNeill were struck by a motor vehicle driven by Maurquis Thompson while Mr. Thompson was being pursued by Defendant, Folcroft Borough Police Officer Michael Fiocco.

12.     During the above referenced pursuit, Defendant Folcroft Borough Police Officer Michael Fiocco pursued Maurquis Thompson at speeds well in excess of the posted speed limit and without the use of his emergency sirens in violation of Section 3105 of the Pennsylvania Motor Vehicle Code.

13.     Without the audible emergency siren to alert them to the pursuit, Michael Taylor and Mark McNeill were struck by the pursued driver.  Michael Taylor was pronounced dead at the crash scene and Mark McNeill died one day later in the hospital. The cause of death for both Michael Taylor and Mark McNeill was multiple blunt force injuries. The manner of death was accident.

14.     At the time the above referenced pursuit took place, Defendant, Chief Robert Ruskowski failed to have in place and/or follow proper police protocol when it comes to "police pursuit" and the use of emergency lights and sirens resulting in the untimely death of Michael Taylor and Mark McNeill.

15.     Following the above fatality, Defendant, Chief Robert Ruskowski failed to conduct an internal investigation into the cause of the above referenced collision and/or to file the appropriate report.

16.     As a result of being struck by the pursued motor vehicle Michael Taylor and Mark McNeill suffered internal injuries and other injuries resulting in severe pain and suffering, disfigurement and their untimely death.

17.    The negligent actions of each of the defendants were undertaken with a reckless disregard for the life and safety of Michael Taylor and Mark McNeill and with deliberate indifference to the rights of Michael Taylor and Mark McNeill.

18.    The negligent actions of each of the defendants, were undertaken deliberately/recklessly, and with knowledge that there was a high degree of probability of harm and with reckless indifference to the consequence, including death, which were likely and did occur to Michael Taylor and Mark McNeill.

19.    The negligent actions of each of the defendants, were undertaken deliberately and with the knowledge that they were violating all standard "police pursuit" procedures and policies in effect at that time.

20.    Defendants, each of them, acted negligently, recklessly and with deliberate indifference in unnecessarily and unreasonably creating the dangerous situation which lead to Michael Taylor and Mark McNeill being struck by the pursued motor vehicle.

21.    Defendants, each of them, created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel, including officers who would engage in the improper, illegal and unnecessary "police pursuits".

22.    Defendants, each of them, created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of personnel in the enforcement of the use of "police pursuit" provisions/guidelines.

23.    Defendants, each of them, created a policy or custom of deliberate indifference, negligence and recklessness in the training, hiring and supervision of

personnel, including officers, in the proper procedure for initiating and continuing in "police pursuit".

24.     The acts and/or omissions to act of all defendants and through their duly authorized agents, servants, workers, employees and/or representatives were committed negligently, recklessly, carelessly, wantonly, maliciously, falsely, unlawfully, and unconstitutionally, and by conduct so egregious so as to shock the conscious and all sense of decency.

25.     The acts and/ or omissions to act of all defendants and through their duly authorized agents, servants, workers, employees and/or representatives were committed without due regard and with wanton and reckless disregard to the health, safety and welfare of Michael Taylor and Mark McNeill.

26.     Defendants, by and through their duly authorized agents, servants, workmen, employees, and/or representatives, knew or should have known that they were violating the constitutional rights of Michael Taylor and Mark McNeill, including their right to freedom from: state created danger, deliberate indifference to their safety; and violations of their right to life secured to Michael Taylor and Mark McNeill by the provisions of the Constitution, including of the Fourteenth Amendment of the Constitution of the United State and by 42 U.S. C. § 1983.

27.     As a direct result and proximate result of the negligence, recklessness, carelessness, wrongful, illegal and unconstitutional acts and omissions of the defendants, by and through their duly authorized servants, workers, employees and/or representatives, Michael Taylor and Mark McNeill were caused to suffer serious injuries, including death.

28.     As a direct result and proximate result of the negligence, recklessness, carelessness, wrongful, illegal, and unconstitutional acts and omissions of the defendants, by and through their duly authorized agents, servants, workers, employees and/or representatives, the estate of Michael Taylor and Mark McNeill were required to expend large sums of money for hospital and funeral expenses.

29.     As a direct and proximate result of the negligence, recklessness, carelessness, wrongful, and unconstitutional, acts and omissions of the defendants, by and through their duly authorized agents, servants, workers, employees and/or representatives, Michael Taylor and Mark McNeill had pain, suffering and loss of life's pleasures.

30.     As a direct result of the negligence, recklessness, carelessness, wrongful, illegal, and unconstitutional acts and omissions of the defendants, by and through their duly authorized agents, servants, worker's, employees and/or representatives Michael Taylor and Mark McNeill were deprived of precious rights, privileges and immunities, including the enjoyment of life's pleasures secured unto them by the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

31.     As a direct result and proximate result of the negligence, recklessness, carelessness, wrongful, illegal, and unconstitutional acts and omissions of the defendants, by and through their duly authorized agents, servants, workers, employees and/or representatives, Michael Taylor and Mark McNeill suffered loss of earnings and/or impairment of earning capacities or earning power.

32.     As a direct result of said acts of the defendants, each of them, Michael Taylor and Mark McNeill suffered the following injuries and damages:

    a.    violation of their constitutional rights under The Fourth, Eighth and Fourteenth Amendments to the United States Constitution, including the right to be free from deliberate indifference to their safety, and the right to be free from state created danger;

    b.    physical pain and suffering and emotional trauma and suffering; and

    c.    loss of their life.

33.    The negligent actions of each of the defendants violated the following clearly established and well settled federal constitutional rights of Michael Taylor and Mark McNeill:

    a.    Right to be free from deliberate indifference to their safety;

    b.    and, Right to be free from state created danger.

## NATURE OF THE ACTION

34.    As discussed above and below, plaintiffs allege that the individual defendants, in the course and scope of their employment within the Borough of Folcroft, as members of the Folcroft Police Department, failed to have an adequate policy in place governing police pursuits; failed to properly train its officers in the conduct of such pursuits; and failed to properly supervise its officers during such pursuits.

35.    Defendants established, recognized, accepted policies, procedures, customs, and/or practices of the Folcroft Police Department, which included, at relevant times, the condoning and/or acquiescing to the violation of constitutional rights of citizens, including but not limited to, a policy, procedure, custom or practice of the improper use of "police pursuit", and otherwise deprived plaintiffs of their rights in violation of federal statutes, 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

36.     As set forth below plaintiffs have brought separate claims against the individual defendants and a *Monell* claim, identified herein, against defendant Borough of Folcroft for deliberate indifference to serious safety needs, state created danger, violations of the Pennsylvania State Constitution, Wrongful Death and Survival Actions, and violations of plaintiffs rights, due to the Borough of Folcroft's failure to train and supervise the individual defendants, claims brought pursuant to <u>Monell v. Dept. of Soc.</u> <u>Servs.</u>, 436 U.S. 658 (1978).  Plaintiffs seek remedies pursuant to federal statute, 42 U.S.C. § 1983 and § 1988 and § 1985 damages at law, for violating plaintiffs rights to be free from deliberate indifference to their safety and right to be free from state created danger and by rights provided by the Unites States Constitution and Pennsylvania Constitution under art. I, § 8.  Plaintiffs also seeks civil damages pursuant to common law for claims pendent to this matter brought for state law actions sounding in negligence, wrongful death and survival actions.

### COUNT I
### <u>VIOLATION OF CIVIL RIGHTS – SECTION 1983</u>
### <u>PLAINTIFFS V. CHIEF ROBERT RUSKOWSKI</u>

37.     Plaintiffs incorporate paragraphs 1 through 36 above as though fully set forth herein at length.

38.     Defendant, Chief Robert Ruskowski failed to have an adequate policy in place governing police pursuits for his officers; he failed to properly train his officers in the conduct of such pursuits; and he failed to properly supervise defendant, Officer Michael Fiocco during the aforementioned pursuit, thereby violating Michael Taylor and Mark McNeill's rights under the laws of the Constitution of the United States, in particular, the Fourth Amendment, and their rights under the Constitution and laws of the

Commonwealth of Pennsylvania.  Defendant Chief Robert Ruskowski did also fail to file an internal affairs investigation into the accident and did consort and conspire with other Folcroft Borough Officers in violation of 42 U.S.C. § 1985.

39.    Defendant, Chief Robert Ruskowski negligently and unnecessarily with deliberate indifference created a dangerous situation, thereby directly causing the death of Michael Taylor and Mark McNeill, which is a violation of their rights under the laws and the Constitution of the United States and, in particular, the due process clause of the Fourteenth Amendment and their right under the Constitution and laws of the Commonwealth of Pennsylvania.

40.    As a direct and proximate result of the aforesaid acts of defendant, Chief Robert Ruskowski, which were committed under color of his authority as Borough of Folcroft Police Chief, decedents Michael Taylor and Mark McNeill suffered grievous bodily harm and death which is a violation by said defendant of the laws and the constitution of the United States, in particular, the Fourth, Eight and Fourteenth Amendments to the United States Constitution and 42 U.S. C. § 1983, and was further in violation of the Statutes of the Commonwealth of Pennsylvania and the Constitution of the United States, all of which makes said defendant liable to plaintiffs.

41.    The acts committed by defendant constitute negligent misconduct, deliberate indifference and state created danger upon Michael Taylor and Mark McNeill which caused the previously described injuries to Michael Taylor and Mark McNeill, in violation of their constitutional rights as previously set forth in the aforementioned paragraphs.  The acts constitute deliberate indifference, and state created danger, all in

violation of the Fourth, Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

**WHEREFORE,** plaintiffs demand judgment against all defendants, individually and /or jointly and severally in excess of $150,000.00, exclusive of interest and costs, which sum includes but is not limited to:

a)      a compensatory damage award;

b)      reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988;

c)      reasonable medical and funeral expenses;

d)      lost wages;

e)      damages for pain and suffering;

f)      punitive damages; and;

g)      such other and further relief as appears reasonable and just; all other damages recoverable under 42 U.S.C. § 1983.

## COUNT II
## CIVIL RIGHTS – MONELL CLAIM (42 U.S.C. SECTION 1983)
## PLAINTIFF V. DEFENDANT BOROUGH OF FOLCROFT

42.      Plaintiffs incorporate paragraphs 1 through 41 above as though fully set forth herein at length.

43.      Defendant Borough of Folcroft failed to have an adequate policy in place governing police pursuits; it failed to properly train its officers in the conduct of such pursuits; and it failed to supervise its officers during such pursuits.

44.      Defendant Borough of Folcroft has a history of ignoring and not enforcing its policies, procedures and protocols regarding police pursuit.

45.     Defendant Borough of Folcroft has a history of negligently abusing its citizens rights by failing to administer and follow proper procedures and protocols.

46.     As such, said defendants were grossly negligent, deliberately indifferent and reckless with regard to the potential violations of the constitutional rights of citizens, including Michael Taylor and Mark McNeill.

47.     Said defendants' failures were the moving force behind the actions of defendants Officer Michael Fiocco and Chief Robert Ruskowski, as specified above, including, but not limited to: the use of police pursuit unnecessarily and without the use of emergency sirens thereby showing a deliberate indifference creating a dangerous situation and, therefore, resulting in the injuries and death of Michael Taylor and Mark McNeill, as aforesaid.

**WHEREFORE,** plaintiffs demand judgment against all defendants, individually and /or jointly and severally in excess of $150,000.00, exclusive of interest and costs, which sum includes, but is not limited to:

a)     a compensatory damage award;

b)     reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988 ;

c)     reasonable medical expenses;

d)     lost wages;

e)     damages for pain and suffering;

f)     punitive damages; and

g)     such other and further relief as appears reasonable and just; all other damages recoverable under 42 U.S.C. § 1983.

## COUNT III
## NEGLIGENCE ACTION
## PLAINTIFFS V. CHIEF ROBERT RUSKOWSKI

48.     Plaintiffs incorporate paragraphs 1 through 47 above as though fully set forth herein at length.

49.     The aforementioned collision resulting in injury and death of Michael Taylor and Mark McNeill was caused by the negligence of Defendant, Chief Robert Ruskowski.

50.     Defendant, Chief Robert Ruskowski's negligent and or careless conduct included, but was not limited to, the following:

A.      Failing to have proper policies and procedures in place governing police pursuit;

B.      Failing to properly train his officers in police pursuit;

C.      Failing to properly supervise his officers during police pursuits;

D.      Failing to report and investigate police pursuits that cause injuries;

E.      Violating Pennsylvania's Written Policies Required Statute 75 Pa. C.S.A. §6342; and

F.      Violating Pennsylvania's Pursuit Records Statute 75 Pa. C.S.A. §6343.

51.     As a direct and proximate result of the carelessness and negligence of Defendant, Chief Robert Ruskowski, Michael Taylor and Mark McNeill suffered severe injuries that lead to their death.

52.     As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Chief Robert Ruskowski, Plaintiffs have been subjected to pain, suffering, and economic losses associated with the death of their sons.

53.     As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Chief Robert Ruskowski, Plaintiffs, have undergone great physical pain and mental anguish, and they will continue to endure same for an indefinite time in the future, to their great detriment and loss.

54.     As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Chief Robert Ruskowski, Plaintiffs have been prevented or inhibited from attending to and/or fully enjoying their usual daily routines, activities and pastimes, and may be prevented or inhibited from doing the same in the future, all to their continuing detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Chief Robert Ruskowski, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with such other relief as this Honorable Court may deem just and fair.

## COUNT IV
## NEGLIGENCE ACTION
## PLAINTIFFS V. BOROUGH OF FOLCROFT

55.     Plaintiffs incorporate paragraphs 1 through 54 above as though fully set forth herein at length.

56.     The aforementioned collision resulting in injury and death of Michael Taylor and Mark McNeill was caused by the negligence of Defendant, Borough of Folcroft.

57.     Defendant, Borough of Folcroft's negligent and or careless conduct included, but was not limited to, the following:

A.     Failing to have proper policies and procedures in place governing police pursuit;

B.     Failing to properly train Borough Police Officers in police pursuit;

C.     Failing to properly supervise Borough Police Officers during police pursuits;

D.     Failing to report and investigate police pursuits that cause injuries;

E.     Violating Pennsylvania's Written Policies Required Statute 75 Pa. C.S.A. §6342;

F.     Violating Pennsylvania's Pursuit Records Statute 75 Pa. C.S.A. §6343; and

G.     Through the negligent acts of their agents, employees, servants and workmen, Chief Robert Ruskowski and Office Michael Fiocco as stated elsewhere in this complaint and incorporated here by reference.

58.     As a direct and proximate result of the carelessness and negligence of Defendant, Borough of Folcroft, Michael Taylor and Mark McNeill suffered severe injuries that lead to their death.

59.   As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Borough of Folcroft, Plaintiffs have been subjected to pain, suffering, and economic losses associated with the death of their sons.

60.   As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Borough of Folcroft, Plaintiffs, have undergone great physical pain and mental anguish, and they will continue to endure same for an indefinite time in the future, to their great detriment and loss.

61.   As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Borough of Folcroft, Plaintiffs have been prevented or inhibited from attending to and/or fully enjoying their usual daily routines, activities and pastimes, and may be prevented or inhibited from doing the same in the future, all to their continuing detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Borough of Folcroft, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with such other relief as this Honorable Court may deem just and fair.

### COUNT V
### NEGLIGENCE ACTION
### PLAINTIFFS V. OFFICER MICHAEL FIOCCO

62.   Plaintiffs incorporate paragraphs 1 through 61 above as though fully set forth herein at length.

63.   The aforementioned collision resulting in injury and death of Michael Taylor and Mark McNeill was caused by the negligence of Defendant, Officer Michael Fiocco.

16

64.     Defendant, Officer Michael Fiocco testified under oath, not once but twice, to engaging in a high-speed pursuit without using his siren in violation of the Pennsylvania Motor Vehicle Code.

65.     Defendant, Officer Michael Fiocco's negligent and or careless conduct included, but was not limited to, the following:

      A.     Improperly initiating police pursuit;

      B.     Failing to activate the police cruiser's emergency siren;

      C.     Proceeding when doing so presented a risk of harm to Plaintiffs, as well as others using the public highway;

      D.     Failing to maintain a proper lookout;

      E.     Failing to make proper observations for others using the public highways;

      F.     Driving too fast for conditions; and

      G.     Negligence Per se in:

          1.     Violating Pennsylvania's Driving Vehicle at Safe Speed Statute 75 Pa. C.S.A. §3361;

          2.     Violating Pennsylvania's Maximum Speed Limits Statute 75 Pa. C.S.A. §3362;

          3.     Violating Pennsylvania's Drivers of Emergency Vehicles Statute 75 Pa. C.S.A. §3105;

66.     As a direct and proximate result of the carelessness and negligence of Defendant, Officer Michael Fiocco, Michael Taylor and Mark McNeill suffered severe injuries that lead to their death.

67.     As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Officer Michael Fiocco, Plaintiffs have been subjected to pain, suffering, and economic losses associated with the death of their sons.

68.     As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Officer Michael Fiocco, Plaintiffs, have undergone great physical pain and mental anguish, and they will continue to endure same for an indefinite time in the future, to their great detriment and loss.

69.     As a further direct and proximate result of the negligence and liability producing conduct of Defendant, Officer Michael Fiocco, Plaintiffs have been prevented or inhibited from attending to and/or fully enjoying their usual daily routines, activities and pastimes, and may be prevented or inhibited from doing the same in the future, all to their continuing detriment and loss.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, Chief Robert Ruskowski, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, together with such other relief as this Honorable Court may deem just and fair.

### COUNT VI
### WRONGFUL DEATH
### PLAINTIFFS V. ALL DEFENDANTS

70.     Plaintiffs incorporate paragraphs 1 through 69 above as though fully set forth herein at length.

71.     Plaintiffs Mark G. McNeill and Melissa McNeill were appointed Co-Administrators of the Estate of Mark Richard McNeill by The Register of Wills of Delaware County and bring this action under and pursuant to the Pennsylvania Wrongful

Death Act, 42 Pa. C.S.A. § 8301 on behalf of those persons entitled to recover under the Act. Those persons are as follows:

    a.    Mark G. McNeill (Father)
         394 Westmont Drive,
         Collingdale, PA 19023

    b.    Melissa McNeill (Mother)
         394 Westmont Drive,
         Collingdale, PA 19023

72.    Plaintiffs Eileen M. Taylor and Thomas L. Taylor were appointed Co-Administrators of the Estate of Michael J. Taylor by The Register of Wills of Delaware County and bring this action under and pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301 on behalf of those persons entitled to recover under the Act. Those persons are as follows:

    a.    Thomas L. Taylor (Father)
         703 Ash Avenue,
         Collingdale, PA 19023

    c.    Eileen M. Taylor (Mother)
         703 Ash Avenue,
         Collingdale, PA 19023

73.    No action was brought by either decedent or on his behalf during his lifetime, and no other action for the cause of the decedents' death has been brought against the defendants.

74.    As a direct and proximate result of each of the defendants' conduct, as aforesaid, the decedents' survivors have been deprived of their aid, association, support, consortium, protection, comfort, care and society and their respective shares in such estate as the decedent might have accumulated during their natural life expectancy.

75.     Further, as a direct and proximate result of the conduct of each of the defendants, as aforesaid, plaintiffs Mark G. McNeill and Melissa McNeill, parents of Mark Richard McNeill, claim funeral and burial expenses; and Plaintiffs Eileen M. Taylor and Thomas L. Taylor, parents of Michael J. Taylor, claim funeral and burial expenses.

76.     As a further direct and proximate result of the conduct of each of the defendants, as aforesaid, plaintiffs claim all ambulance, medical and administrative expenses incurred as a result of Mark McNeill and Michael Taylor's untimely death.

77.     As a further direct and proximate result of the conduct of each of the defendants, as aforesaid, plaintiffs claim all damages as provided by the Pennsylvania Wrongful Death Statute, 42 PA C.S.A. § 8301, et seq.

**WHEREFORE,** plaintiffs demand judgment against all defendants, individually and/ or jointly and severally, in excess of $150,000.00, exclusive of interest and costs, which sum includes, but is not limited to:

    a.     a compensatory damage award;

    b.     reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988 ;

    c.     reasonable medical expenses;

    d.     lost wages;

    e.     damages for pain and suffering;

    f.     punitive damages; and

    g.     such other and further relief as appears reasonable and just; all other damages recoverable under 42 U.S.C. § 1983.

## COUNT VII
## SURVIVAL CLAIM
## PLAINTIFF V. ALL DEFENDANTS

78.     Plaintiffs incorporate paragraphs 1 through 77 above as though fully set forth herein at length.

79.     Plaintiffs Mark G. McNeill and Melissa McNeill bring this action on behalf of the Estate of Mark Richard McNeill under the Pennsylvania Survival Act.

80.     Plaintiffs Eileen M. Taylor and Thomas L. Taylor bring this action on behalf of the Estate of Michael J. Taylor under the Pennsylvania Survival Act.

81.     As a direct and proximate result of the acts of all defendants, each of them, Mark McNeill and Michael Taylor suffered great physical and mental pain, suffering, and loss of enjoyment of his life.

82.     Further, Mark McNeill and Michael Taylor suffered future loss of wages and earning capacity as to the above-referenced acts of each defendant.

83.     As a direct and proximate result of the actions of all defendants, as aforesaid, decedents suffered and defendants are liable for the following damages:

a.      decedents' pain and suffering between the time of their injuries and the time of their death;

b.      decedents' total estimated future earning power less their estimated cost of personal maintenance.

c.      decedents' loss of retirement and social security income;

d.      decedents' other financial losses suffered as a result of their death; and

e.      decedents' loss of enjoyment of their life.

21

84.     Plaintiffs Mark G. McNeill and Melissa McNeill, Co-Administrators of the Estate of Mark Richard McNeill, also claim any and all damages recoverable under the Pennsylvania Survival Act, 42 Pa. C.S.A. § 8302 on behalf of the Estate of Mark Richard McNeill.

85.     Plaintiffs Eileen M. Taylor and Thomas L. Taylor, Co-Administrators of the Estate of Michael J. Taylor, also claim any and all damages recoverable under the Pennsylvania Survival Act, 42 Pa. C.S.A. § 8302 on behalf of the Estate of Michael J. Taylor.

**WHEREFORE,** plaintiffs demand judgment against all defendants individually and / or jointly and severally in excess of $150,000.00, exclusive of interest and costs, which sum includes, but is not limited to:

a)   a compensatory damage award;

b)   reasonable attorney's fees and costs ; pursuant to 42 U.S.C § 1988;

c)   reasonable medical expenses;

d)   lost wages;

e)   damages for pain and suffering;

f)   punitive damages; and

g)   such other and further relief as appears reasonable and just; all other damages recoverable under 42 U.S.C. § 1983.

22

## JURY TRIAL DEMANDED

Plaintiff hereby demands Trial by jury on all issues so triable.

Respectfully Submitted,

**JOHN E. KUSTURISS, JR., P.L.L.C.**

JOHN E. KUSTURISS, JR., ESQUIRE
ATTORNEY I.D. 28271
323 EAST FRONT STREET
MEDIA PA 19063
610-565-0240
John@Kusturisslaw.com

DANIEL A. ARMSTRONG, ESQUIRE
ATTORNEY I.D. 55869
323 EAST FRONT STREET
MEDIA PA 19063
610-565-0240
Darmstrongoffice@gmail.com

23