IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK G. McNEILL, et al.         :         CIVIL ACTION
                                :
        v.                      :
                                :
BOROUGH OF FOLCROFT, et al.     :         NO. 13-3592


MEMORANDUM


Bartle, J.                                  November 22, 2013

        Plaintiffs, the Administrators of the Estate of Mark

Richard McNeill and the Administrators of the Estate of Michael

J. Taylor, have sued defendants Borough of Folcroft ("Borough"),

its Police Chief Robert Ruskowski ("Ruskowski"), and Officer

Michael Fiocco ("Fiocco") for the deaths of Mark Richard McNeill

and Michael J. Taylor as a result of a high-speed police chase.

The complaint alleges violations of 42 U.S.C. § 1983 against the

Borough and Ruskowski and of 42 U.S.C. § 1985 against Ruskowski.[1]

Supplemental state law claims for negligence, including those

under the Pennsylvania Wrongful Death and Survival statutes, 42

Pa. Cons. Stat. Ann. §§ 8301 and 8302, are also pleaded against

the Borough, Ruskowski, and Fiocco.

        Before the court is the motion of defendants for

dismissal of all of plaintiffs' claims pursuant to Rule 12(b)(6)

_____

1.  The basis of the § 1983 claim is a Fourteenth Amendment
substantive due process violation.  Plaintiffs' complaint also
charges defendants with violating the Fourth and Eighth
Amendments to the United States Constitution as incorporated by
the Fourteenth Amendment.  However, in their response to the
pending partial motion to dismiss, plaintiffs voluntarily
withdrew the Fourth and Eighth Amendment claims.

of the Federal Rules of Civil Procedure, except for the negligence claims against the Borough and Fiocco.

## I.

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 578.

## II.

This action, as noted above, arises out of the deaths of Mark Richard NcNeill and Michael J. Taylor. On December 9, 2011, at approximately 9:30 p.m., the decedents had the misfortune of being near the intersection of Chester Pike and Glenolden Avenue in the Borough of Glenolden, Delaware County, Pennsylvania. They were struck by a motor vehicle driven by Marquis Thompson as Thompson was being pursued by defendant

Fiocco.  According to the complaint, Fiocco was pursuing Thompson at speeds in excess of the speed limit and without use of his emergency siren.  Taylor was pronounced dead at the scene and McNeill died the following day in the hospital.  Ruskowski, the Chief of Police, did not conduct an internal investigation following the accident.

Plaintiffs allege that due to Fiocco's failure to activate his emergency siren, decedents were not alerted to the high speed pursuit which ultimately caused their deaths.  Plaintiffs further aver that the Borough and Ruskowski did not have in place a high-speed police pursuit policy at the time of the accident, and did not properly hire, train, or supervise police officers with regard to high-speed pursuits.

III.

We turn first to plaintiff's claim under 42 U.S.C. § 1985 against Ruskowski in Count I of the complaint.  Section 1985 prohibits civil rights conspiracies.  Specifically, 42 U.S.C. § 1985(3) creates a right of action against two or more persons who "conspire... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws..."  In order to state a claim under § 1985(3), a plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  Plaintiffs nowhere in their complaint allege there to be any racial or class-based discriminatory animus motivating

the actions of Ruskowski.  Plaintiffs merely aver that Ruskowski

violated § 1985 by consorting and conspiring with "other Folcroft

Borough Officers."  This conclusory allegation falls short of the

pleading requirements under Twombly.  Plaintiffs' claim under

§ 1985 will be dismissed.

IV.

Plaintiffs also plead a claim under 42 U.S.C. § 1983

against Ruskowski in Count I of the complaint.  Plaintiffs

maintain that Ruskowski's actions constituted a state created

danger which deprived decedents of life and liberty in violation

of the due process clause of the Fourteenth Amendment.[2]  They

allege that Ruskowski failed to have an adequate policy in place

for his officers governing police pursuits, that he failed

properly to train the officers in the conduct of such pursuits,

and that he failed properly to supervise Fiocco during the

pursuit at issue here.  Finally, plaintiffs assert that Ruskowski

negligently and with deliberate indifference created a dangerous

situation, thereby directly causing the death of the decedents.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of

---

2.  Plaintiffs also allege violations of Art. I, § 8 of the
Constitution of Pennsylvania.  This constitutional provision
concerns searches and seizures and uses nearly identical language
to that of the Fourth Amendment to the United States
Constitution.  It is undisputed that plaintiffs have withdrawn
their claim under the Fourth Amendment as incorporated by the
Fourteenth Amendment.  Because plaintiffs have not briefed the
state constitutional claim and have provided no explanation as to
how Art. I, § 8 of the Commonwealth's Constitution is more
protective than the Fourth Amendment to the United States
Constitution, we conclude that any claims under the Constitution
of Pennsylvania must be dismissed.

> any State... subjects, or causes to be
> subjected, any citizen of the United States
> or other person within the jurisdiction
> thereof to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress.

While § 1983 does not create substantive rights, it provides a remedy for deprivations of rights established by the Constitution or federal laws. Kneipp v. Cusack, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under § 1983, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Id., citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). It is undisputed that all defendants are state actors.

Defendants first argue that plaintiffs have not stated a claim under the state-created danger theory. Although the Supreme Court has explained that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause," it has recognized that a state actor may be held liable under the "state-created danger" doctrine for creating a danger to an individual in certain circumstances. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 (1989); Morrow v. Balaski, 719 F.3d 160, 177 (3d Cir. 2013). For a claim based on a state-created danger to survive, plaintiffs must plead four elements:

> (1) the harm ultimately caused was
> foreseeable and fairly direct;
> (2) a state actor acted with a degree of
> culpability that shocks the conscience;
> (3) a relationship between the state and the
> plaintiff existed such that the plaintiff was
> a foreseeable victim of the defendant's acts,
> or a member of a discrete class of persons
> subjected to the potential harm brought about
> by the state's actions, as opposed to a
> member of the public in general; and
> (4) a state actor affirmatively used his or
> her authority in a way that created a danger
> to the citizen or that rendered the citizen
> more vulnerable to danger than had the state
> not acted at all.

Henry v. City of Erie, 728 F.3d 275, 282 (3d Cir. 2013).  State

actors, such as the police, are not liable simply because their

actions set into motion a chain of events that result in harm.

Id. at 283.  "Affirmative conduct for purposes of § 1983 should

typically involve conduct that imposes an immediate threat of

harm, which by its nature has a limited range and duration."  Id.

at 284 (citing Ruiz v. McDonnell, 299 F.3d 1173 (10th Cir.

2002)).  In our view, nothing Ruskowski did qualifies as a

"fairly direct" cause of the harm to the decedents.  He was not

present during and did not direct the chase and knew nothing

about it as it took place.  Decedents were not foreseeable

victims of anything he did or members of any discrete class of

persons subject to potential harm.  They were merely "member[s]

of the public in general."  Finally, Ruskowski is not alleged to

have "affirmatively used his [] authority in a way that created a

danger to the citizen..." (emphasis added).  At most, he failed

to train his officers about the proper way to conduct a high-

speed chase.

We turn next to plaintiffs' reliance on the supervisory liability of Ruskowski. Our Court of Appeals has explained that there are two types of supervisory liability under § 1983. First, "a supervisor may be personally liable ... if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). "Any claim that supervisors directed others to violate constitutional rights necessarily includes as an element an actual violation at the hands of subordinates." Santiago, 629 F.3d at 130. As there are no allegations here that Ruskowski was directly involved in the high-speed chase or that he had any knowledge of it beforehand, plaintiffs cannot maintain a claim on this first ground.

The second basis for supervisory liability involves an official's role as a policymaker. Defendants do not dispute that Ruskowski, as Borough Police Chief, is a policymaker for the purpose of a § 1983 claim. "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K., 372 F.3d at 586 (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989)).

In Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994), a high-speed police car chase lawsuit that resulted

in the deaths of innocent bystanders, our Court of Appeals held that the City of Vineland was "liable under section 1983 if its policymakers, acting with deliberate indifference, implemented a policy of inadequate training and thereby caused the officers to conduct the pursuit in an unsafe manner and deprive the plaintiffs of life or liberty."  Id. at 1292.  This was so even though the officers involved in the chase had committed no constitutional violations.  The court explained, "[i]f it can be shown that the plaintiff suffered that injury, which amounts to deprivation of life or liberty, because the officer was following a city policy reflecting the city policymakers' deliberate indifference to constitutional rights, then the City is directly liable under section 1983 for causing a violation of the plaintiff's Fourteenth Amendment rights."  Id.

Here, plaintiffs have adequately pleaded that Ruskowski, as Police Chief, with deliberate indifference, maintained a policy of not instructing his officers on the proper conduct of high-speed chases and that as a result Mark Richard McNeill and Michael J. Taylor died.  Such a claim based on a theory of supervisory liability does not depend on the existence of a constitutional violation by Fiocco.  Id.  Accordingly, to this extent Count I of the complaint under § 1983 will stand against Ruskowski.

V.

Plaintiffs also plead a § 1983 substantive due process claim against the Borough in Count II of the complaint.  There is no respondeat superior theory of municipal liability.  Iqbal, 556

U.S. at 676.  As such, "a city may not be held vicariously liable under § 1983 for the actions of its agents."  Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).

Nonetheless, a municipality may be held liable "if its policy or custom is the "moving force" behind a constitutional violation."  Sanford, 456 F.3d at 314.  There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'"  Brown v. Pennsylvania Dep't of Health Emergency Med. Servs. Training Inst., 318 F.3d 473, 482 (3d Cir. 2003) (citing City of Canton, 489 U.S. 378, 385 (1989)).  In a substantive due process case arising out of a police pursuit, an underlying constitutional tort can still exist even if no individual police officer violated the Constitution.  Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994).

While our Court of Appeals has held that it is possible for a municipality to be held independently liable for a substantive due process violation even when none of its individual employees is liable, there must still be a violation of the plaintiff's constitutional rights.  Id.; see also Brown 318 F.3d at 482.  Under certain circumstances a municipality may be liable under § 1983 for a failure adequately to train its police officers.  City of Canton, 489 U.S. at 380.  In order to impose liability the failure to train must amount to "deliberate indifference to the rights of persons with whom the police come into contact."  Id. at 388.

Here, plaintiffs adequately plead that the Borough failed to have in place an adequate policy governing police pursuits and failed properly to train and supervise its police officers in the conduct of such pursuits. The motion of the Borough to dismiss the § 1983 claim against it will be denied.

VI.

Finally, there are plaintiffs' state law negligence claim against Ruskowski in Count III of the complaint as well as their claims under the Pennsylvania Wrongful Death and Survival statutes in Counts VI and VII. Plaintiffs allege that Ruskowski's negligence in failing to put proper policies and procedures governing police pursuits into place and failing properly to supervise and train his officers in police pursuits caused the collision which resulted in the death of decedents. Plaintiffs further aver Ruskowski was negligent in failing to report and investigate police pursuits that resulted in injuries and in violating two Pennsylvania statutes, 75 Pa. Cons. Stat. Ann. §§ 6342 and 6343.

Defendants counter that Ruskowski is immune from liability for negligence under the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541 ("Tort Claims Act"), which provides:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.
>
> ...

> An employee of a local agency is liable for
> civil damages on account of any injury to a
> person or property caused by acts of the
> employee which are within the scope of his
> office or duties only to the same extent as
> his employing local agency and subject to the
> limitations imposed by this subchapter.

42 Pa. Cons. Stat. Ann. § 8545. A local agency, such as the Borough of Folcroft, may be liable for damages on account of injury to persons if (1) the damages would be recoverable under common law if the injury were caused by a person not having immunity under § 8541, and (2) the injury was caused by the negligent acts of an employee of a local agency acting within the scope of his office or duties with respect to one of eight categories. See 42 Pa. Cons. Stat. Ann. § 8542.

Plaintiffs rely on "vehicle liability," one of the eight categories for which immunity has been waived in the foregoing circumstances under the Tort Claims Act. "Vehicle liability" is defined as "the operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer..." 42 Pa. Cons. Stat. Ann. § 8542(b)(1).

Here, plaintiffs assert a negligence claim against the Police Chief, Ruskowski, for failure to train and supervise. However, Ruskowski neither operated the vehicle that allegedly struck decedents nor drove the police vehicle implicated in the pursuit. Ruskowski did not have any personal involvement in the

tragic events described in the complaint.  As defendants note, the vehicle liability exception to local government official immunity requires a "personal act in working the mechanism of an automobile."  Keesey v. Longwood Volunteer Fire Co., 601 A.2d 921 (Pa. Commw. 1992) (citing Love v. City of Philadelphia, 543 A.2d 521 (Pa. 1988)).  This vehicle liability is not applicable against Ruskowski.

Plaintiffs also aver that Ruskowski was negligent in failing to report and investigate police pursuits that resulted in injuries and in violating two Pennsylvania statutes, 75 Pa. Cons. Stat. Ann. §§ 6342 and 6343.  Neither a failure to report and investigate nor a failure to maintain records of police pursuits falls within any of the eight categories where the Tort Claims Act waives immunity.

Accordingly, plaintiffs' state law claims against Ruskowski for negligence and under the Pennsylvania Wrongful Death and Survival statutes will be dismissed.