```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MARK G. McNEILL, et al.          :         CIVIL ACTION
                                 :
         v.                      :
                                 :
BOROUGH OF FOLCROFT, et al.      :         NO. 13-3592

## ORDER

AND NOW, this 12th day of November, 2014, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendants the Borough of Folcroft, Police Chief Robert Ruskowski, and Police Officer Michael Fiocco for summary judgment (Doc. # 15) is GRANTED in part and DENIED in part;

(2)  the motion of defendants for summary judgment on Count I of the Complaint, which alleges liability against Police Chief Robert Ruskowski under 42 U.S.C. § 1983, is GRANTED;

(3)  the motion of defendants for summary judgment on Count II of the Complaint, which alleges municipal liability against the Borough of Folcroft under 42 U.S.C. § 1983, is GRANTED;

(4)  the motion of defendants for summary judgment on Count IV, which asserts a negligence claim against the Borough of Folcroft, is GRANTED except insofar as Count IV alleges a claim based on a theory of vicarious liability;

(5)  the motion of defendants for summary judgment on Count V, which asserts a negligence claim against Police Officer Michael Fiocco, is DENIED;

(6)  the motion of defendants for summary judgment on Count VI, which asserts a claim for statutory damages under the Pennsylvania Wrongful Death Act, is GRANTED insofar as Count VI relates to plaintiffs' negligence claim against the Borough of Folcroft based on any theory other than vicarious liability, and is DENIED insofar as Count VI relates to plaintiffs' negligence claim against Police Officer Michael Fiocco and to plaintiffs' negligence claim against the Borough of Folcroft on a theory of vicarious liability; and

(7)  the motion of defendants for summary judgment on Count VII, which asserts a claim for statutory damages under the Pennsylvania Survival Act, is GRANTED insofar as Count VII relates to plaintiffs' negligence claim against the Borough of Folcroft based on any theory other than vicarious liability, and is DENIED insofar as Count VII relates to plaintiffs' negligence claim against Police Officer Michael Fiocco and to plaintiffs' negligence

-3-

claim against the Borough of Folcroft on a theory of vicarious liability.

BY THE COURT:

/s/ Harvey Bartle III
                    J.