IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARK G. McNEILL, et al.            :              CIVIL ACTION
                                   :
            v.                     :
                                   :
BOROUGH OF FOLCROFT, et al.        :              NO. 13-3592


MEMORANDUM

Bartle, J.                                        December 12, 2014

        Plaintiffs have sued the Borough of Folcroft ("Borough")
and its Police Chief Robert Ruskowski ("Ruskowski") under 42 U.S.C.
§ 1983 and these two defendants as well as Police Officer Michael
Fiocco ("Fiocco") for state-law negligence relating to a police
chase that resulted in the deaths of two teenagers.  Plaintiffs now
ask the court to reconsider its order granting the motion of
defendants for summary judgment on plaintiffs' § 1983 claims against
the Borough and Ruskowski.  Specifically, plaintiffs take issue with
our determination that no genuine issue of material fact existed to
support a claim that Ruskowski and the Borough were liable under §
1983 for failure to train their officers on proper police-pursuit
procedure.  Plaintiffs also appear to be seeking reconsideration of
the grant of summary judgment on their negligence claim against the

Borough except insofar as this claim was grounded on a theory of vicarious liability.[1]

To succeed on a motion for reconsideration, a party must show at least one of the following:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Plaintiffs appear to urge reconsideration on the third ground.

Plaintiffs first challenge our summary judgment determination that the record contains no evidence that Ruskowski committed a substantive due process violation based on his supervisory liability in his role as a policymaker.  A supervisor-defendant may be liable under § 1983 for the unconstitutional acts of his subordinates "if it is shown that such defendant[], 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'"  Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014).  Plaintiffs rely on a "failure to train"

---

1.  We previously granted the motion of defendants to dismiss the § 1983 claim against Ruskowski except insofar as it alleged a violation of substantive due process based on his supervisory liability as a policymaker as well as the motion of defendants to dismiss plaintiffs' negligence claim against Chief Ruskowski. Plaintiffs' motion for reconsideration does not challenge those rulings.

theory which is encompassed within the framework of "policy, practice or custom." Id.

Plaintiffs also seek reconsideration of our decision that no evidence exists in the record to prove that the Borough violated their substantive due process rights under § 1983.  A municipality may be sued under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Such a policy or custom may include a failure to train as long as the failure rises to the level of deliberate indifference to the risk of a constitutional violation.  City of Canton v. Harris, 489 U.S. 378, 390 (1989).

Plaintiffs point to the report of their expert, criminologist R. Paul McCauley, as evidence that can support a finding of deliberate indifference by the Borough or Ruskowski – a prerequisite, as discussed above, for § 1983 liability against a supervisor or municipality.  See City of Canton, 489 U.S. at 390; Barkes, 766 F.3d at 316.  In large part, Dr. McCauley's report addresses issues more pertinent to plaintiffs' state-law negligence claims than to their § 1983 claims against Ruskowski and the Borough.  The report does contain a two-page discussion of the Folcroft Police Department's training policies.  Having again reviewed this report and the other evidence in the record, we

- 3 -

reiterate that no reasonable jury could find that either Ruskowski
or the Borough was deliberately indifferent to a risk that any lack
of training would result in constitutional harm.  Plaintiffs' claims
cannot survive a motion for summary judgment based on "[t]he mere
existence of a scintilla of evidence in support of [their]
position."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252
(1986).

        Plaintiffs also argue that our grant of summary judgment
in favor of the Borough and Ruskowski is incorrect in light of the
Third Circuit's ruling in A.M. ex rel. J.M.K. v. Luzerne Cnty.
Juvenile Det. Ctr., 372 F.3d 572 (3d Cir. 2004).  There, the court
denied the motion of the defendant, a juvenile detention facility,
for summary judgment on the plaintiffs' claim that the facility and
its officials were liable under § 1983 for failing adequately to
train the child-care workers who were employed there in the proper
procedure for de-escalating conflicts between youth.  Plaintiffs
urge us to decide, based on A.M. ex rel. J.M.K., that a reasonable
jury could conclude that the defendants' alleged failure to train
rose to the level of deliberate indifference.

        A.M. ex rel. J.M.K. is distinguishable from the case
before us.  There, the defendant-facility provided its employees
with *no* training on proper de-escalation techniques.  In contrast,
the record before us shows that Borough police officers including
Fiocco received pursuit training while at the police academy.  While

the defendant in A.M. ex rel. J.M.K. may have been deliberately indifferent in failing to provide any training on the procedures at issue, a reasonable jury could not find that Ruskowski and the Borough were deliberately indifferent since, as they were aware, Fiocco had received pursuit training at the police academy. Plaintiffs' reliance on A.M. ex rel. J.M.K. is therefore misplaced.

In addition, plaintiffs take issue with our characterization of Fiocco's actions during the pursuit.  In the memorandum accompanying our order granting in part the motion for summary judgment, we wrote that Fiocco used his vehicle's handheld radio during the pursuit "[k]nowing that he could not communicate on his police radio and operate his vehicle's siren at the same time." Plaintiffs argue that this characterization is incorrect.  They direct our attention to testimony that it was possible for an officer to turn on the siren while holding the radio and that "being on the radio does not stop you from activating your lights and siren."  Plaintiffs' argument overlooks the fact that while Fiocco may have been able to *hold* the radio while activating the siren, the record shows without contradiction that he could not *communicate* on the radio with the siren on, because the noise from the siren would drown out his voice and the voice of the person with whom he was attempting to speak.[2]

---

2.  For example, Folcroft police officer Thomas Kesser was asked during his deposition whether an officer driving a police

As noted above, our order granting the motion of defendants for summary judgment on plaintiffs' § 1983 claims also granted summary judgment in favor of the Borough on plaintiffs' negligence claim against it except insofar as this claim was grounded in a theory of vicarious liability.  In their motion for reconsideration, plaintiffs do not make clear whether they challenge this ruling and, if so, what evidence in the record should persuade us to reconsider it.  In any event, having again reviewed the record and our earlier decision, we find no "clear error of law or fact" that would compel reconsideration of our ruling on plaintiffs' negligence claim against the Borough.  See Max's Seafood Cafe, 176 F.3d at 677.

For the foregoing reasons, we decline plaintiffs' invitation to reconsider our order granting in part defendants' motion for summary judgment.  That ruling contained no "clear error of law or fact," and absent such error, reconsideration is not justified.  See Max's Seafood Cafe, 176 F.3d at 677.  Plaintiffs' motion for reconsideration will therefore be denied.

Finally, plaintiffs move, in the alternative, for the entry of final judgment, pursuant to Rule 54(b) of the Federal Rules

---

vehicle could turn on the siren while holding the radio microphone.  Kesser responded: "Yes.  Well, holding it, not speaking into it."  Plaintiffs' counsel later asked him, "[d]id I ask you if you could turn on the siren while holding the microphone?" to which Kesser responded: "Yes.  And I said not while speaking."

of Civil Procedure, on the claims decided adversely to plaintiffs on summary judgment.  Rule 54(b) permits entry of such a final judgment only upon an express determination "that there is no just reason for delay."  We find no basis to enter judgment pursuant to Rule 54(b), and therefore the motion is denied.